UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GEORGY USOV,                                            :
                                                        :
                                    Plaintiff,          :        Case No. 13-cv-818 (RWS)
                                                        :
                    -against-                           :
                                                        :
MARC LAZAR and MARC LAZAR INC.,                         :
                                                        :
                                    Defendants,         :
-------------------------------------------------------------X


---

## PLAINTIFF GEORGY USOV'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

---


New York, New York
April 26, 2013

THE ROTH LAW FIRM, P.L.L.C.
Richard A. Roth, Esq.
295 Madison Avenue, 22nd Floor
New York, New York  10017
Telephone (212) 542-8882
Facsimile (212) 542-8883
Email: rich@rrothlaw.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 4

ARGUMENT ......................................................................................................................... 6

    POINT I  THE COURT MUST ACCEPT ALL ALLEGATIONS IN THE COMPLAINT AS
    TRUE............................................................................................................................... 6

    POINT II  DEFENDANT MARC LAZAR SHOULD BE HELD PERSONALLY LIABLE . 7

    POINT III  OWNERSHIP OF THE DIAMONDS IS NOT ONLY PROPERLY PLED, BUT
    IS EVEN CONTAINED IN THE EXHIBITS TO THE COMPLAINT ................................ 10

    POINT IV  AT THIS STAGE OF THE LITIGATION, PLAINTIFF NEED NOT PROVE
    OWNERSHIP.................................................................................................................. 13

    POINT V  PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS NOT REDUNDANT OF HIS
    BREACH OF CONTRACT CLAIM .................................................................................. 14

    POINT VI PLAINTIFF'S CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH
    AND FAIR DEALING IS NOT REDUNDANT OF HIS BREACH OF CONTRACT

    CLAIM ........................................................................................................................... 15

    POINT VII  ANY DEFICIENCY IN THE PLEADINGS MAY BE RESOLVED BY
    HARRIS'S  AFFIDAVIT ................................................................................................. 15

    POINT VIII  IF THIS COURT DETERMINES THAT ANY OF THE CAUSES OF ACTION
    ARE NOT SUFFICIENTLY PLED, PLAINTIFF REQUESTS THAT THE COURT GRANT
    LEAVE TO REPLEAD OR SUPPLEMENT THOSE CAUSES OF ACTION ................... 166

CONCLUSION..................................................................................................................... 17

Plaintiff Georgy Usov ("Plaintiff"), by his attorneys, The Roth Law Firm, PLLC, respectfully submits this memorandum of law in opposition to Defendants Marc Lazar ("Lazar") and Marc Lazar Inc.'s ("Lazar Inc.") (collectively, "Defendants") Motion to Dismiss the Complaint ("Motion"), as follows:

## PRELIMINARY STATEMENT

Defendants seek to dismiss this action in its entirety, notwithstanding the fact that Lazar: (i) admitted in a tape recorded conversation that the money is owed; and (ii) executed – in his personal capacity – an agreement in which he *(in his own handwriting) wrote "percentage of ownership:   Marc Lazar 33 (thirty three) & Pinnacle Trading Limited 66 (sixty six)."* Complaint, Exhibit A.  And the documents they have submitted in the Motion *include additional evidence* that Lazar has individual liability. *See* the Declaration of David C. Burger (the "Burger Declaration"), Exhibit B.

Defendants also, by their Motion, claim that a certain undated and partially executed purchase agreement is dispositive "documentary evidence" that conclusively should result in the dismissal of this matter.  Yet, as set forth in the accompanying affidavit of Elena Harris, sworn to April 26, 2013 (the "Harris Affidavit"), that agreement, assuming it was even executed, formed only part of the relationship between the parties.  Further, that purchase agreement is undated, not fully executed and nowhere on its face does it even describe what was being purchased.  As this Court will discover, the documents submitted in support of the Motion, which tell only a portion of the facts, will lead the trier of fact to the conclusion not only that the claims are on "all fours", but also that Lazar has personal liability in the approximate amount of $6.5 million for his egregious acts.[1]

---

[1] Interestingly, the "documentary evidence" that Lazar includes with the Motion, is not only unsigned and undated, but annexes a schedule that is not even referred to therein. As Harris makes clear in her affidavit, that agreement

1

As to the legal theories contained in the Motion, Defendants simply ignore: (i) the documents contained in the Complaint; (ii) the allegations of the Complaint; and (iii) the law. They also fail to take into consideration the fact, as set forth in the Harris Affidavit, that there is both documentary and testimonial evidence that the obligation is that of Lazar personally. For those reasons, this case does not fall into the well-known doctrine of shielding an officer from the obligations of his corporation.

Similarly, the claim that this case should be dismissed because "Plaintiff has failed to provide *any support* for his contention that he possesses any ownership interest in the diamond collection" (emphasis added) is both legally deficient and ignores what was pled. First, there is no obligation, at the pleading stage, to provide "factual support." More importantly, Exhibit A to the Complaint, *which is executed by Lazar*, shows that Lazar agreed that Plaintiff's predecessor company has a two-thirds ownership interest in those very diamonds. The Harris Affidavit makes clear -- Lazar entered into an agreement to assist his good friend, who at the time was dying of leukemia (and who subsequently died). So, by not complying with his legal obligations, not only did Lazar take advantage of a dying friend, but he is now duping his friend's widow and her family.

Nor are the second and third claims for unjust enrichment and for breach of the covenant of good faith and fair dealing, respectively, dismissible by the Motion. Simply, because Lazar takes the position that there was no contract, discovery is required until that issue can be determined. In the unlikely chance that Lazar is correct, then the claims for unjust enrichment and breach of the covenant of good faith and fair dealing would simply not be duplicative and

---

and the agreement annexed as Exhibit A to the Complaint form a tri-partied relationship between Lazar, Harris and a non-party, Mr. Runte.

would be an alternative to the breach of contract claim. To dismiss that claim at this stage is simply premature.

The aspect of the Motion to dismiss the replevin and conversion claims is also deficient. As set forth in Exhibit A to the Complaint, *Lazar executed an agreement* that provides that Plaintiff's predecessor retains a two-thirds "ownership" interest in the stones. That claim, thus, is based on the Agreement between the parties that expressly provides that Plaintiff, the assignee, has an ownership interest. The conversion argument suffers the same malady. Further, Plaintiff *does* seek damages for the wrongful conversion of its property.

None of the claims are deficient. Defendants are liable to Plaintiff for the $6,500,000 to which he is entitled — approximately $3,500,000 for two diamonds that were sold by Defendants and approximately $3,000,000 for two thirds value of the remaining stones in Defendants' possession. In the alternative, Defendants are still liable for the $3,500,000 for the stones that were already sold, plus a return of the stones that were not sold, as Lazar agreed two-thirds are owned by Plaintiff. Simply, rather than comply with their obligations, Defendants continue to try to dupe the family of a widow after originally duping that widow's dying husband.

For these reasons, the Motion should be denied in its entirety.

## STATEMENT OF FACTS

The relevant facts that the Court can consider in connection with Defendants' Motion are set forth in the Complaint. They are as follows:

- In or about 2006, Defendants became custodian of 33 diamonds (the "Large Diamond Collection")[2] belonging to Pinnacle Trading Limited ("Pinnacle"). Complaint, par. 10.

- At all times, Plaintiff has been the sole shareholder of Pinnacle. Complaint, par. 9.

- In exchange for holding the Large Diamond Collection, Defendants were granted a thirty-three percent (33%) ownership interest while Pinnacle retained the remaining two-thirds ownership interest. Complaint, par. 10.

- The agreement was memorialized in a memorandum dated June 2006, signed by Marc Lazar. Complaint, par. 10. *See also* Exhibit A of the Complaint.

- In or about 2007, Plaintiff created Mervia Investments SA ("Mervia"). Plaintiff has always been the sole shareholder of Mervia. Complaint, par. 11.

- In or about 2007, Plaintiff transferred Pinnacle's remaining assets to Mervia. Pinnacle's assets included the ownership interest in the Large Diamond Collection. Complaint, par. 12. Defendants confirmed acknowledgement of the transfer. Complaint, Exhibit B.

- In or about August, 2011, Mervia's ownership interest in the Large Diamond Collection was transferred to Plaintiff personally. A letter dated August 23, 2011 demonstrates that Defendants were informed of the transfer and assented to it. Complaint, par. 13. *See also* Exhibit B of the Complaint.

---

[2] Referred to in Defendants' papers as the "Deposit Stones."

4

- On or about March 25, 2012, Defendants informed Plaintiff's daughter, Elena Harris, that he had sold a diamond from the Large Diamond Collection. Despite repeated requests, Defendants never provided any documentation or information confirming the sale, the sale date, the customer or the price of the transaction. Complaint, par. 18.

- On or about April 25, 2012, Defendants informed Ms. Harris that they had sold two additional diamonds, one of which was from the Large Diamond Collection. Complaint, par. 19.

- Despite Plaintiff's repeated requests for payment of proceeds, Defendants refused to do so. Complaint, par. 21.

- Defendants and Ms. Harris met several times during the second half of 2012. Ms. Harris, acting on behalf of Plaintiff, made repeated demands upon Defendants for payment of the proceeds to which Plaintiff is entitled. Complaint, par. 21, 23.

- Because of Defendants' non-response to Plaintiff's repeated demands for payment of proceeds, Ms. Harris, as agent for Plaintiff, demanded not only payment, but also delivery of the remaining pieces of the Large Diamond Collection or payment of the value equal to two-thirds of the remaining pieces that Defendants failed to sell and failed to return to Plaintiff. Ms. Harris also requested an independent assessment of the value of the remaining diamonds. Complaint, par. 23.

- During a meeting in July, 2012, Harris and Lazar met to discuss the amount of money due Plaintiff. Lazar admitted during that meeting that, solely for the stones that he sold, he owed Plaintiff $3.497 million dollars. Harris Affidavit, par. 23.

5

- During a meeting on or about October 17, 2012, Ms. Harris and Defendant Lazar derived a valuation of the remaining pieces in the Large Diamond Collection. A spreadsheet containing such information *was prepared by Lazar* and given to Ms. Harris. The spreadsheet set forth the Large Diamond Collection in Defendants' custody as well as the value of each diamond and how much Defendants owed Plaintiff based on those valuations. The total amounted to approximately $3,500,000 for sale proceeds. Complaint, par. 15. *See also* Exhibit C of the Complaint.

While the evidence, the tip of which is contained in the Harris Affidavit, is mountainous – and will be either determined on a dispositive motion before this Court or before a jury – there is no question that the Complaint with its Exhibits sufficiently pleads all of the elements of the claims contained therein.

**ARGUMENT**

**POINT I**

**THE COURT MUST ACCEPT ALL
ALLEGATIONS IN THE COMPLAINT AS TRUE**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 128 S. Ct. 1937, 1974 (2009), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In Twombly, the Supreme Court required that the plaintiff's factual allegations "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A mere "formulaic recitation of the elements of a cause of action will not do." *Id.* First, the Court should identify any conclusory allegations that, as a matter of law, are not entitled to a presumption of truth. *See* Iqbal, 129 S. Ct. at 1949-50; *see also* Seidl v. American Century Companies, Inc., et al., 427 Fed.Appx. 35, 37 (2d Cir. 2011). The Court

should look to the remaining well-pled and non-conclusory factual allegations to determine whether there is a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Further, a court must confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Leonard F. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999).

Dismissal is only appropriate where "it appears beyond doubt that the plaintiff can prove *no* set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added). Thus, a complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In determining the plausibility of non-conclusory allegations, the Court must undertake "a 'context-specific task that requires [it] to draw on its judicial experience and common sense.'" Seidl, 427 Fed.Appx. at 37, *quoting* Iqbal, 129 S. Ct. at 1950. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (citations omitted).

The law is crystal clear in the context of a motion to dismiss. Yet, as set forth below, Defendants, by their Motion, simply fail to apply that law.

## POINT II

### DEFENDANT MARC LAZAR SHOULD BE HELD PERSONALLY LIABLE

While Defendants generally are correct in their recitation of the law in New York regarding personal liability of a corporate officer or agent, their argument and application of the law to the facts misses the mark. *See* Tsegaye v. Impol Aluminum Corp., 2003 WL 221743 at *6

7

(S.D.N.Y. 2003), *quoting* <u>Mobile Data Shred, Inc. v. United Bank of Switzerland</u>, No. 99 Civ. 10315, 2000 WL 351516, at *7 n. 9 (S.D.N.Y. Apr. 5, 2000). As set forth below, Defendants are simply wrong in claiming that there are *no* circumstances in which Lazar can be held personally liable under these facts.

As Exhibit A to the Complaint demonstrates, Lazar signed the agreement in his individual capacity. Nowhere in the memorandum is it noted that Lazar was acting as an agent of Lazar Inc. That is not the only document confirming that fact. Exhibit B, also signed by Lazar, nowhere on its face refers to any corporation or Lazar, Inc. But that is not all. Indeed, Defendants proverbially shoot themselves in the foot with the very documents they submit to dismiss the claims against Lazar personally. That is, in the letters of authorization *that Defendants annex to their Motion papers* (*see* Burger Declaration, Exhibit B), it is clear that Lazar is identified as the purchaser of the stones. And Harvey Harris ("Harvey") did not simply sign an authorization on one occasion. Specifically, on April 7, 2005, August 24, 2005 and October 12, 2005, Harvey authorized that the sales be made from Mr. Runte to Lazar personally. *See* Burger Declaration, Exhibit B. Nowhere is there even a reference to Lazar Inc. nor is there anything identifying Lazar as an agent, officer or director of Lazar Inc. And even though the alleged purchase agreement annexed as Exhibit C to the Burger Declaration does state Lazar Inc. is the purchaser, it is not even executed by Lazar or even dated.

In addition, as set forth in the Harris Affidavit – and which will be brought out at trial:

> After much discussion, Harvey reached an agreement with Lazar for Lazar to *personally* purchase the Deposit Stones from Mr. Runte with money from Harvey covering two-thirds of the purchase price and Lazar covering one-third. The letters contained in Exhibits B to the Burger Declaration are simply letters wherein Harvey authorized Lazar to *personally* purchase the Deposit Stones.

8

Harris Affidavit, par. 8 (emphasis added). Harris continues: "[Harvey] therefore asked Lazar to personally help him out, to which Lazar agreed." Harris Affidavit, par. 9. Harris concludes that Lazar was "personally obligated" to Harvey and "personally insured" the obligation by his statements. Harris Affidavit, par. 14. Lazar, at the time, was helping a "friend." Little did that "friend" know that Lazar was actually duping him and now attempts to defraud the "friend's" widow's family as well.

In sum, Harris makes clear that she was present when an agreement was struck between Harvey and Lazar and thereafter wherein Lazar would retain a one-third ownership interest in the Deposit Stones. Harris Affidavit, par. 10. Even more startling was that Lazar acknowledged his obligation to pay Pinnacle two-thirds of the sales proceeds, as evidenced by his statements to Harris in July, 2012. Harris Affidavit, par. 23. Yet, Plaintiff never received payment of the monies to which he is entitled.

Defendants also fail to acknowledge New York law which allows courts to "'disregard the corporate form, or to use accepted terminology, pierce the corporate veil, whenever necessary to *prevent fraud or to achieve equity.'*" <u>Atateks Foreign Trade, Ltd., et al. v. Private Label Sourcing, LLC, et al.</u>, 402 Fed.Appx. 623, 625 (2d Cir. 2010), *quoting* <u>Morris v. N.Y. State Dep't of Taxation & Fin.</u>, 82 N.Y.2d 135, 140, 603 N.Y.S.2d 807, 810, 623 N.E.2d 1157 (1993) (emphasis added). Though this proceeding is only in the pleading stage, in order to prevail in piercing the corporate veil the requesting party must prove: "'(1) the owner has exercised such control that the corporation has become a mere instrumentality of the owner, which is the real actor; (2) such control has been used to commit a fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to plaintiff.'" Id., *quoting* <u>Freeman v. Complex Computing Co.</u>, 119 F.3d 1044, 1052 (2d Cir. 1997). As discussed below, Plaintiff need not prove anything at this stage in the proceedings. However, for purposes of this argument,

9

Plaintiff has adequately pled that Lazar: (i) owns Lazar Inc. and holds the title of president; (ii) was the only individual to deal with Harvey Harris, Pinnacle, Elena Harris, and Plaintiff; and (iii) retained sales proceeds and diamonds that rightfully belong to Plaintiff. Plaintiff is confident that through discovery he will obtain all the evidence needed to prove the requisite facts needed to pierce Lazar Inc's veil. *See* Badian v. Elliott, 165 Fed. Appx. 886 (2d Cir. 2006) (individual shareholder held personally liable for breaching employment agreement even though he was not a party such agreement as court found that individual was capable of ordering the transfer of corporate assets without approval from the Board of Directors).

While Lazar seeks to run from that "equity," that running must come to an end. "Equity" will be "achieved."

## POINT III

### OWNERSHIP OF THE DIAMONDS IS NOT ONLY PROPERLY PLED, BUT IS EVEN CONTAINED IN THE EXHIBITS TO THE COMPLAINT

Defendants' claim that there is no allegation that Plaintiff owns the diamonds ignores the specific allegations in the Complaint and its very first exhibit. First, the Complaint makes clear, in paragraphs 10 through 13, that Plaintiff is the owner of two-thirds of the diamonds. Exhibits A and B to the Complaint track that ownership. Both are signed by Lazar and are dated *after* the partially executed document that Defendants purport to conclusively demonstrate that Lazar owned the diamonds. In Exhibit A, Lazar acknowledges that Pinnacle is the "owner" of 66% and in Exhibit B Lazar acknowledges that the interest was transferred to Mervia. The Complaint goes on to state that, in October 2012, Harris met with Lazar, who, at that time, created a spreadsheet listing the monies owed to Plaintiff. *See* Complaint, par. 25. As a result, Plaintiff has met his minimal burden.

Further, Defendants are mistaken as to what "documentary evidence" a federal court may consider for purposes of determining a motion to dismiss.  Defendants rely on state court procedure to support their proposition.  Yet, when determining a motion to dismiss, which includes materials not referenced in the complaint, federal courts may consider such materials if: (i) the plaintiff either possesses the materials or has knowledge of them; and (ii) the plaintiff relied upon such documents when drafting the complaint.  Henschke v. New York Hospital-Cornell Medical Center, et al., 821 F.Supp. 166, 169 (S.D.N.Y. April 30, 1993), *citing* Cortec Indust., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).  The documents' authenticity, accuracy and/or relevance must also be undisputed.  Vaher v. Town of Orangetown, N.Y., 2013 WL 42415 at *11 (S.D.N.Y. Jan. 2, 2103), *citing* DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  *See also* Pearce v. Manhattan Ensemble Theater, Inc., 528 F.Supp.2d 175, 178-179 (S.D.N.Y. March 6, 2007) ("Plaintiff did not rely on the draft agreement in preparing the Complaint: The Complaint makes no reference to the draft agreement, Plaintiff did not sign the draft agreement, and the parties disagree about whether and how the draft agreement relates to their relationship.  Accordingly, the Court cannot consider the draft agreement in deciding this motion.").

The documents Defendants have submitted in support of the Motion (Exhibits B and C of the Burger Declaration) fail to meet either of the Henschke requirements.  Plaintiff certainly does not possess those documents and did not rely whatsoever on them in drafting the Complaint.  Lastly, and perhaps most significantly, the documents have no bearing on Defendants' relationship with Plaintiff.

Even more alarming is the fact that, in support of the Motion, the Defendants have submitted documents that utterly fail to refute – or even support – the allegations contained in the Complaint.  Specifically, the "Deposit Stones" mentioned in the letters of authorization by

Harvey Harris (Exhibit B of the Burger Declaration) do not individually identify the stones. Thus, there is no way to verify if the "Deposit Stones" that are mentioned in Exhibit B to the Burger Declaration are the same as those listed in Exhibit A to the Complaint.

Exhibit C to the Burger Declaration also ***creates*** serious issues as opposed to disposing of them. Not only is it unsigned and undated, but there is no reference to any schedule in that agreement. That is, although there is a schedule included at the end of Exhibit C, there is no mention or reference to that schedule in the purchase agreement itself. The schedule does not reference who is purchasing the stones or when they are being purchased. Nor is there any mention of the "Deposit Stones" *anywhere* in the purchase agreement. And that schedule annexed to Exhibit C contains multiple discrepancies with the schedules annexed as exhibits to the Complaint.

Consequently, the Court should not even consider the documents Defendants have submitted in support of their Motion. If it does do so, then there is no question that Defendants fail to refute the allegations in the Complaint.

Adding to the insincerity of Defendants' claims is the fact that Defendants partially performed under the agreement. Specifically, Harris set forth in her affidavit the fact that Defendants have partially performed by actually paying two-thirds of the proceeds from the sale of certain stones. As Harris makes clear:

> [T]wo of the stones contained on the schedule, numbers 4 and 18, were sold by Lazar; one was sold for approximately $537,000 and second for approximately $192,000. Lazar, pursuant to his obligations, wired money for two thirds of the proceeds of both sales.

Harris Affidavit, par. 14.

Lastly, as Harris explains, in July 2012, Lazar (in a recorded conversation), calculated the amount owed to Plaintiff by multiplying the sales prices by two-thirds, arriving at a total of

12

approximately $3.5 million. Harris Affidavit, par. 23. Harris recorded that conversation and the transcripts make clear that at all times Lazar knew he only held a one-third interest in the stones. Harris Affidavit, par. 23.

If Defendants truly believed that Plaintiff has no ownership interest in the stones, then they never would have presented Plaintiff's agent (Harris) with the total amount of monies owed to Plaintiff. It is very curious that now Defendants claim that no agreement ever existed with Plaintiff and that he has no ownership interest in the diamonds. Lazar, when deposed must admit that is not the truth.

**POINT IV**

**AT THIS STAGE OF THE LITIGATION,**
**PLAINTIFF NEED NOT PROVE OWNERSHIP**

Defendants' confusion as to the law applies not only to the alleged "documentary evidence," but as to what Plaintiff must show at the pleading stage. As set forth above, federal courts cannot consider documents submitted with a motion to dismiss when they were not relied upon by the plaintiff when drafting the complaint. See Henschke, 821 F. Supp. at 169; Pearce, 528 F. Supp.2d at 178-179. Additionally, at this stage of the proceeding, Plaintiff *need not prove anything* — including his ownership interest in the diamonds.

Notwithstanding Defendants' misstatement of the facts and the law, and even though this Court may not go to the underlying merits of this case at this stage, the reality is that Plaintiff has set forth a prima facie showing of ownership, liability and damages. The tri-partied agreement between Mr. Runte, Harvey Harris, and Lazar is set forth in detail in the Harris Affidavit. Harris Affidavit, par. 9. The Complaint also sufficiently alleges the transfer of Harvey's ownership

13

interest in the stones to Pinnacle and then from Pinnacle to Plaintiff.  For Defendants to claim

otherwise is disingenuous.  They are also discussed sufficiently in the Harris Affidavit.


## POINT V

## PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS NOT REDUNDANT OF HIS BREACH OF CONTRACT CLAIM

It is well established that "[a] party may plead the alternative theories of breach of

contract and unjust enrichment."  Foundation Ventures, LLC, et al. v. F2G, Ltd., 2010 WL

3187294 at *8 (S.D.N.Y. Aug. 11, 2010), citing Kermanshah v. Kermanshah, No. 08 Civ. 409,

2010 WL 1904135, at *6 (S.D.N.Y. May 11, 2010).  That is precisely what Plaintiff has done in

his Complaint.

While it is generally true that a redundant claim is susceptible to dismissal, the unjust

enrichment claim is not duplicative of the breach of contract claim.  It serves as an *alternative* to

the breach of contract cause of action.  In their Motion, Defendants contest that an enforceable

contract existed between Plaintiff and Defendants. While Plaintiff takes issue with that assertion,

Plaintiff also argues, in the alternative, that if that is the case, then he is still entitled to seek relief

under an unjust enrichment theory. *See* Wilmoth v. Sandor, 686 N.Y.S.2d 388, 390, 259 A.D.2d

252 (App. Div. 1999) (claims for breach of contract and unjust enrichment may survive a motion

to dismiss where there is "a bona fide dispute as to the existence or application of a contract").

Accordingly, the unjust enrichment claim should not be dismissed.

## POINT VI

### PLAINTIFF'S CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING IS NOT REDUNDANT OF HIS BREACH OF CONTRACT CLAIM

As set forth in Point V herein, Plaintiff is entitled to plead alternative claims in the Complaint. Just as the unjust enrichment cause of action is an alternative claim to the breach of contract cause of action, so too is the claim alleging breach of the covenant of good faith and fair dealing. Thus, should the trier of fact determine that there was never a written agreement between the parties – as Defendants allege and Plaintiff seriously disputes – then Plaintiff is entitled to proceed with his claim that Plaintiff's breach of the covenant of good faith and fair dealing should entitle him to the relief set forth therein. That is the entire basis of an *alternative* claim. Defendants are simply trying to have their cake and eat it too—on the one hand they deny any explicit contract ever existed between Plaintiff and Defendants and at the same time deny that any understanding ever existed between Plaintiff and Defendants. Because the breach of the covenant of good faith and fair dealing cause of action is being pled as an *alternative* to the breach of contract claim, dismissal is not appropriate.

## POINT VII

### ANY DEFICIENCY IN THE PLEADINGS MAY BE RESOLVED BY HARRIS'S AFFIDAVIT

Where a motion to dismiss for failure to state a cause of action is based upon allegations of insufficient particularity in the pleadings, then the deficiency may be redressed in an affidavit. *See* Smart v. Goord, 441 F.Supp.2d 631, 637 (S.D.N.Y. July 27, 2006), *citing* Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Even though Plaintiff steadfastly maintains that the Complaint sufficiently sets forth valid causes of action, the accompanying affidavit of Elena Harris

15

supplements the Complaint and demonstrates, in greater detail, additional specific facts to support the claims against Defendants.

Harris, in her accompanying affidavit, goes into detail regarding Harvey Harris's ownership of the stones, his agreement with Lazar, and Harris's transfer of ownership to Pinnacle and then Pinnacle to Plaintiff. She goes even further and testifies as to partial performance by Lazar and even tape recorded a conversation wherein she and Lazar are sitting at a table with a calculator attempting to determine, to the dollar, the amount owed to Plaintiff. Harris Affidavit, par. 23. Each of those facts, in affidavit form, must be taken as true for purposes of this motion.

## POINT VIII

### IF THIS COURT DETERMINES THAT ANY OF THE CAUSES OF ACTION ARE NOT SUFFICIENTLY PLED, PLAINTIFF REQUESTS THAT THE COURT GRANT LEAVE TO REPLEAD OR SUPPLEMENT THOSE CAUSES OF ACTION

The decision to grant or deny leave to serve an amended pleading pursuant to Fed. R. Civ. P. 15 is addressed to the trial court's discretion. Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Leave to amend should be freely given "when justice so requires." Id.

While Plaintiff has adequately laid out his causes of action and, with the Court's permission, will be able to elaborate on those claims to oppose Defendants' Motion through discovery, if this Court is contemplating dismissal of any cause of action, Plaintiff respectfully requests that he be granted the opportunity to re-plead pursuant to Fed. R. Civ. P. 15.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied, Plaintiff should be granted leave to re-plead any causes of action deemed insufficiently pled, and Plaintiff should be awarded his attorneys' fees and costs, and any other relief this Court deems just and proper.

DATED:     New York, New York
            April 26, 2013

THE ROTH LAW FIRM, PLLC

By
     Richard A. Roth, Esq.
     295 Madison Avenue, 22nd Floor
     New York, New York 10017
     Tel: (212) 542-8882
     *Attorneys for Plaintiff*