UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGY USOV,

                                      Plaintiff,                        Case No. 13-cv-818 (RWS)

         -against-

MARC LAZAR and MARC LAZAR, INC.,

                                    Defendants.
------------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR PRE-ANSWER MOTION TO DISMISS THIS ACTION

Defendants Marc Lazar and Marc Lazar, Inc. submit this reply memorandum in further support of their pre-answer motion to dismiss the complaint pursuant to F.R.C.P. Rule 12(b)(6).

### PRELIMINARY STATEMENT

The Complaint is grounded upon the allegation that "Defendants became <u>custodian</u> of 33 diamonds belonging to Pinnacle" and "[i]n exchange for <u>holding</u> the [diamonds] ... Defendants were granted thirty-three percent (33%) ownership interest in them."[1] A critical document was omitted from the Complaint but was included as an exhibit in support of the instant pre-answer dismissal motion. Plaintiff now opposes the dismissal motion by submitting an affidavit of his daughter which admits that the diamonds were <u>sold</u> pursuant to the document omitted from the Complaint. The daughter's affidavit is inadmissible as evidence in opposition to the instant pre-answer dismissal motion filed pursuant to Rule 12(b)(6). However, by submitting the daughter's affidavit, Plaintiff has effectively conceded that the allegations of the Complaint are materially incomplete and false.

The Plaintiffs' memorandum of law claims that the documents submitted in support of the instant motion "have no bearing on the Defendants' relationship with Plaintiff."[2] However, the

---

[1] Complaint, at ¶ 10.
[2] Plaintiff's Memorandum of Law, dated April 26, 2013, at p. 11.

daughter's affidavit admits that: "the agreement between the parties is comprised in two documents,"[3] referencing the sale document submitted by Defendants and the memo attached to the Complaint.

The Complaint cannot be sustained.

## ARGUMENT

### I

### IN OPPOSITION TO A 12(b)(6) MOTION, PLAINTIFF WRONGFULLY SUBMITS AN AFFIDAVIT THAT DIAMETRICALLY CONTRADICTS PLAINTIFF'S OWN COMPLAINT

A.  **Defendants' Moving Papers Included A Contract Wrongfully Concealed By Plaintiff**

A pre-answer dismissal motion can be supported by documents that were not expressly referenced in the complaint:

> "For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, as well as public disclosure documents required by law to be, and that have been, filed with the SEC, and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." (citations omitted)

Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000).

The Second Circuit has repeatedly held that plaintiffs cannot avoid a 12(b)(6) motion by ignoring material facts undermining their claims:

> "Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim – and that they apparently most wanted to avoid – may not serve as a means of forestalling the district court's decision on the [12(b)(6)] motion." (emphasis added)

Karmilowicz v. Hartford Fin. Services Group, 494 Fed. Appx. 153, 156 (2d Cir. 2012), quoting Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 44 (2d Cir. 1991).

This Court has held that legal conclusions couched as factual allegations are not entitled to any presumption of truthfulness on a 12(b)(6) motion:

---

[3] Affidavit of Elena Harris, sworn to on April 26, 2013, at ¶ 12.

> "However, legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness."

Pelman v. McDonald's Corp., 2003 U.S.Dist. LEXIS 15202 (S.D.N.Y. 2003) (Sweet, U.S.D.J.), quoting Ying Jing Gan v. City of New York, 996 F.2d 522, 534 (2d Cir. 1993). See also, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.").

In addition, this Court has held that complaint allegations may be rejected when they are contradicted by integral documents:

> "When allegations contained within the complaint are contradicted by documents attached to the complaint, the documents control, and the Court need not accept the allegations contained within the complaint as true."

Rozsa v. May Davis Group, Inc., 187 F.Supp.2d 123, 128 (S.D.N.Y. 2002) (Sweet, U.S.D.J.).

> "For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statement or documents incorporated in it by reference."

Interested Lloyd's Underwriters v. Ross, 2005 U.S.Dist. LEXIS 25471, *8 (S.D.N.Y. 2005) (Sweet, U.S.D.J.).

A fundamental allegation of the Complaint is contradicted by a document that should have been referenced in the Complaint and attached as an exhibit to the Complaint, but was instead intentionally withheld by Plaintiff. Accordingly, the moving papers on the instant motion included the submission of that document. The declaration of David C. Burger, dated March 29, 2013, attached the signed authorizations to <u>sell</u> a collection of diamonds and a copy of the executed Purchase Agreement between Mr. André Runté, as seller, and Marc Lazar, Inc., as purchaser, of the collection of diamonds ("Purchase Agreement"). It should be emphasized that the Purchase Agreement was with Marc Lazar, Inc., and not Marc Lazar in his individual capacity.[4]

---

[4] Plaintiff purports to support the claim against Marc Lazar in his individual capacity by citing two decisions dealing with dramatically different circumstances. The trial court decision underlying an appellate decision cited by Plaintiff found individual liability when the LLC defendant was inadequately capitalized and had claimed fraudulent reductions to reduce a $1.2 million liability to less than $600,000. See Atateks Foreign Trade Ltd. v. Private Label

3

The Complaint not only completely failed to mention the Purchase Agreement, but also falsely alleged that:

> "In or about 2006, Defendants became <u>custodian</u> of 33 diamonds belonging to Pinnacle (the 'Large Diamond Collection'). In exchange for <u>holding</u> the Large Diamond Collection, Defendants were granted thirty-three percent (33%) ownership interest in them."

Complaint, at ¶ 10.

Failing to mention the existence of the Purchase Agreement, Plaintiff filed the Complaint seeking turnover of the diamond collection and damages under causes of action for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, replevin and conversion. Each of those causes of action is based upon the fraudulent claim that Lazar in his individual capacity and Marc Lazar, Inc. were merely custodians holding the subject diamonds. Those causes of action are belied by the Purchase Agreement and fail to state any claim upon which relief may be granted.

### B. Plaintiff Improperly Opposes The Instant Rule 12(b)(6) Motion By Submitting An Affidavit That Fundamentally Contradicts The Material Allegations Of Plaintiff's Own Complaint

Faced with the submission of the Purchase Agreement in support of the Defendants' dismissal motion, Plaintiff submitted a ten page affidavit signed by his daughter, Elena Harris, sworn to on April 26, 2013 ("Harris Affidavit").

The submission of an affidavit in opposition to a Rule 12(b)(6) motion is improper:

> "When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material."

<u>Friedl v. City of New York</u>, 210 F.3d 79, 83-84 (2d Cir. 2000), quoting <u>Fonte v. Board of Managers of Continental Towers Condominium</u>, 848 F.2d 24, 25 (2d Cir. 1988), and <u>Kopec v. Coughlin</u>, 922 F.2d 152, 155 (2d Cir. 1991).

---

Sourcing, LLC, 2009 U.S. Dist. LEXIS 54670, at *48 & 52 (S.D.N.Y. 2009). <u>Badian v. Elliott</u>, 165 Fed. Appx. 886 (2d Cir. 2006), dealt with a default judgment against an individual defendant who had transferred assets from one corporation to a different corporation to avoid the first corporation's liability for breaching the plaintiff's employment agreement.

4

> "If the district court considered the [plaintiff's] affidavit in disposing of the Rule 12(b)(6) motion, it erred in failing to convert the motion to one for summary judgment as the rule requires."

Fonte, supra, 848 F.2d at 25.

Plaintiff purports to support submission of the Harris Affidavit by citation to Smart v. Goord, 441 F.Supp.2d 631 (S.D.N.Y. 2006). The Smart decision related to the submission of certain types of documents as exhibits and not factual affidavits such as the Harris Affidavit:

> "The Court may consider outside documents that are integral to the complaint, regardless whether attached to the complaint, so long as the pleader has notice of them or refers to them. ... When ruling on a motion to dismiss, the Court may take judicial notice of records and reports of administrative bodies, items in the record of the case, matters of general public record, and copies of documents attached to the complaint."

441 F.Supp.2d at 637.

This Court has noted that conversion of a dismissal motion to a summary judgment motion at the inception of a case should not occur when there has been no discovery and no party requested conversion:

> "Even where additional materials are submitted by one party, a trial court should not transform a 12(b)(6) motion into a summary judgment motion where, as here, the motion has been in lieu of an answer, and the parties have neither completed discovery nor formally requested that the motion be converted."

Jordan (Berm.) Inv. Co. v. Hunter Green Invs. Ltd., 154 F.Supp.2d 682, 689 (S.D.N.Y. 2001) (Sweet, U.S.D.J.).

Given that there has been no discovery, and it is unclear as to what rights, if any, Usov has in his individual capacity, it would be inappropriate for the instant motion to be converted into a summary judgment motion.

Usov presents no evidence that he has any ownership interest in Pinnacle Trading Limited ("Pinnacle"), the party to the June 2006 memo with Marc Lazar, Inc. attached as Exhibit A to the Complaint. Even assuming, arguendo, that Usov is the sole owner of Pinnacle, Usov could certainly file a claim in the name of Pinnacle to assert any rights claimed by Pinnacle. Exhibit B to the Complaint is

simply an acknowledgement that a list of certain diamonds, which is not identical to the list included in Exhibit A, is being transferred from Mervia Investments to Usov.

In sum, the current complaint is riddled with factual misrepresentations and material omissions, and therefore fails to state any cognizable claim.

## CONCLUSION

The Complaint cannot be sustained.

Dated:  New York, New York
       May 9, 2013

> ROBINSON BROG LEINWAND GREENE
> GENOVESE & GLUCK, P.C.
>
> By: _____
>       David C. Burger
> **875 Third Avenue**
> **New York, New York 10022**
> **(212) 603-6300**
> **Attorneys for Defendants**