# The Roth Law Firm, PLLC

295 Madison Avenue
22nd Floor
New York, NY 10017
Tel.: (212) 542 8882    Fax: (212) 542 8883
www.rrothlaw.com

August 22, 2013

**VIA FACSIMILE**
Hon. Robert E. Sweet
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Room 1940
New York, NY 10007-1312

Re:   *Usov v. Lazar, et al.*, 13-cv-818

Dear Judge Sweet:

> Production by 10/1/13 unless extended for good cause shown. So ordered.
> [signature] USDJ
> 8/25/13

We represent Plaintiff in the captioned matter.

On or about May 9, 2013, Plaintiff served his First Request for the Production of Documents pursuant to Rule 34 of the FRCP. At that time, Defendant took the position that it need not respond as a motion to dismiss was *sub judice*. Because Defendant took that position, on or about June 4, 2013, in an attempt to move this case along, we wrote to the Court asking for a determination on whether Defendant can simply wait to respond or whether discovery can proceed (a copy of the June 4th letter, without exhibits, is annexed hereto). The Court deemed our letter a motion and on June 18, 2013, in its decision on the motion to dismiss, the Court also ordered that discovery should proceed.

Accordingly, Plaintiff served a Second Request for Documents on or about July 2, 2013. During the months of July and August 2013, the parties attempted to settle this matter, although for several weeks Defendant was simply unavailable and failed to communicate, which inevitably prolonged both the settlement process and discovery. During that settlement period, we agreed to allow Defendant yet additional time in which to respond to both requests.

Settlement discussions fell through on or about August 13, 2013. We thus requested that Defendant finally respond to both requests and provided him additional ample time to do so. We informed Defendant that we would agree to provide yet an additional 30 days to respond and proposed that he do so by September 13, 2013. Defendant will not agree and seeks until October 13, 2013, 60 more days in which to respond to the requests – *even though one was served in May and another served in July.*

The Honorable Robert Sweet
June 13, 2013
Page 2 of 2

    We therefore reluctantly write to the Court as we are at a loss on how to proceed when Defendant continues to delay this matter. This action was commenced in January of this year and we are unable to get Defendant to even respond to discovery. Notwithstanding the Court's clear order that discovery should proceed, we have yet to obtain any documents responsive to the requests or even responses to those requests. While we did put everything on hold during the settlement period, there is no reason why Defendant needs two more months after that period to respond and produce documents.

    We therefore seek an order form the Court that requires Defendant to respond to both requests and produce documents on or before September 13, 2013, thirty days after settlement negotiations fell through.

                                                                    Respectfully,

                                                                    Richard A. Roth

<u>cc (by email):</u>
Ronald Goodman, Esq.
David Burger, Esq.
Michael Eisenberg, Esq.

# The Roth Law Firm, PLLC

295 Madison Avenue
22nd Floor
New York, NY 10017
Tel.: (212) 542 8882    Fax: (212) 542 8883
www.rrothlaw.com

June 4, 2013

**VIA FIRST CLASS MAIL**
Hon. Robert E. Sweet
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Room 1940
New York, NY 10007-1312

        Re:    <u>Usoy v. Lazar, et al., 13-cv-818</u>

Dear Judge Sweet:

      We represent Plaintiff in the captioned matter. We are in receipt of your Order of this date wherein the Court adjourned the preliminary conference until September 18, 2013. We write to request that discovery be commenced in the captioned matter prior to the conference.

      As the Court may recall, this action was commenced on or about February 1, 2013. It is an action seeking monetary damages for the alleged inappropriate payment of monies and return of diamonds by Defendants. The damages exceed $7.0 million. Defendants filed a motion to dismiss the claims in the Complaint based on an unexecuted, undated document that they claim dismisses this matter in its entirety. It is our belief that the motion was filed in an attempt to delay the inevitable outcome of this action.

      On or about May 9, 2013, on behalf of Plaintiff, we served a First Request for Documents ("Plaintiff's First Request") in an attempt to move this matter along. Plaintiff's First Request was met with a vociferous objection from Defendants' counsel, claiming it a "nullity" and, as a result, was rejected. We subsequently requested a Rule 26 conference in order to schedule discovery, which the Court set down for tomorrow. The Court, in its Order, requested that the parties "meet and discuss settlement, pretrial discovery and all preliminary matters" and attempt to resolve any discovery differences.

      Accordingly, we forwarded a letter to counsel requesting that we meet and confer on the issues that the Court ordered be discussed between the parties. A copy of our letter is annexed hereto as Exhibit A. Yesterday, we received two letters from defense counsel; one addressed to the Court asking that the conference be adjourned and another blasting our firm, claiming that we

The Honorable Robert Sweet
June 4, 2013
Page 2 of 2

"reveal a complete ignorance or intentional violation" of the FRCP. Mr. Burger made it clear he will not even discuss discovery with our firm. A copy of his letter is annexed hereto as Exhibit B.

This morning we received a new Court Order adjourning the conference until September 18, 2013. While we understand that the Court moved the conference, we respectfully request that discovery be commenced and have submitted a proposal. Defendants will not agree to conduct any discovery whatsoever and, frankly, lambast me personally every time we try to move this matter along.

Because counsel is unwilling to discuss the discovery of this matter whatsoever, we respectfully ask that the Court order that discovery resume on the following schedule:

| | |
|---|---|
| June 14, 2013 | All Parties to serve any new discovery requests |
| July 1, 2013 | Defendants to respond to Plaintiff's First Request |
| July 15, 2013 | Parties to respond to discovery requests served on June 15, 2013 |
| September 12, 2013 | Party depositions to be completed |

In the alternative, if the Court is available on another day in June, we would also be ready, willing and able to appear at a conference on that date. We thank the Court for its courtesies and for allowing us to try to allow discovery of this this matter to proceed rather than awaiting the summer months to do so.

Respectfully,

Richard A. Roth

cc: David C. Burger, Esq.

Enclosures