```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

GEORGY USOV,

                    Plaintiff,              13 Civ. 818

     -against-                               OPINION

MARC LAZAR and MARC LAZAR INC.,

                    Defendants.

-------------------------------------X
```

A P P E A R A N C E S:

        Attorneys for Plaintiff

        THE ROTH LAW FIRM, PLLC
        295 Madison Avenue, 22nd Floor
        New York, NY 10017
        By:  Richard Alan Roth, Esq.

        Attorneys for Defendants

        NEIMAN & MAIRANZ P.C.
        39 Broadway, 25th Floor
        New York, NY 10006
        By:  Marvin Neiman, Esq.

**Sweet, D.J.,**

Plaintiff Georgy Usov ("Usov" or the "Plaintiff") has moved by letter-motion dated July 1, 2015 for an order permitting the deposition of David Dawes ("Dawes"), a non-party witness in Usov's case against Marc Lazar and Marc Lazar Inc. (collectively, "Lazar" or the "Defendants"), to be taken via videoconference. For the reasons stated below, the motion is granted.

Federal Rule of Civil Procedure 30(b)(4) authorizes the parties to stipulate, or the court to order, that a deposition "be taken by telephone or other remote means." Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant or deny a request, the decision is left to the discretion of the court, which must "balance claims of prejudice and those of hardship and conduct a careful weighing of the relevant facts." RP Family, Inc. v. Commonwealth Land Title Ins. Co., No. 10 Civ. 1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (quotations and citations omitted).

This case concerns the ownership and disposition of a large collection of diamonds. (See generally Complaint, Dkt. No. 1.) Usov raises a variety of contract-based claims against Lazar, alleging that Lazar sold diamonds in which Usov had an ownership

interest but did not share the proceeds as agreed. (See generally id.) Usov contends that he and Lazar had a contract whereby Lazar would import the diamonds into the United States, market, insure, and sell them, and then distribute the proceeds, with Lazar receiving 1/3 of the sale and the remaining 2/3 going to Pinnacle Trading Limited ("Pinnacle"), a business entity in which Usov was the sole shareholder. (id. ¶ 9-10.) In 2007, Usov states that he transferred Pinnacle Trading Limited's assets to another business entity under his control, Mervia Investments SA ("Mervia") (id. ¶ 11-12), and that he transferred Mervia's assets to himself in 2011. (id. ¶ 13.) Dawes, the nonparty whose deposition is at issue in this motion, was the principal officer of Pinnacle and Mervia. (See Pl.'s letter-motion, Dkt. No. 117, at 1.) His testimony is important to the case because, as the Defendants point out, "one of the main issues in the case is whether Plaintiff, or his predecessors, ever made the requisite investment in the deal." (D.'s response letter, Dkt. No. 118, at 1.)

According to Usov, Dawes "lives in Asia and has a fluid travel schedule between Asia, the Mauritius, and, at times, Europe." (Pl.'s letter-motion at 1.) Usov represents that Dawes is willing to submit voluntarily to a deposition via videoconference, but is "unavailable" to fly to the United States. Id. The Defendants do not consent to a videoconference

deposition, arguing that they "wish[] to be face to face with the witness and be able to view not only his facial expressions but his entire body language as well, as well as his surroundings at the time of the deposition." (D.'s response at 1.) To that end, the Defendants say that they have offered to conduct an in-person deposition of Dawes overseas. (Id.) Usov's response to the offer is unclear – although his letter-motion and reply letter do not explicitly state that he refuses to conduct Dawes' deposition in person, he does write that "Dawes is hard to pin down to a specific location or time to hold a traditional, face-to-face deposition." (Pl.'s reply letter, Dkt. No. 119, at 2.)

Turning to the parties' claims of prejudice and hardship, RP Family, 2011 WL 6020154 at *3, Defendants' argument against conducting the deposition by videoconference is unconvincing. Since Dawes is "not willing to voluntarily travel to the Western Hemisphere," conducting the deposition in person will involve significant travel time and thousands of dollars worth of expense for both parties.[1] The harm to the Defendants involved

---

[1] A round-trip flight from New York, the location of the parties' lawyers, to Mauritius, the only country specifically mentioned as a location for Dawes, costs $2,000 or more and involves between 20 and 25 hours of travel time each way.  See Kayak, http://www.kayak.com/flights/NYC-MRU,nearby/2015-09-15/2015-09-16 (last visited Aug. 19, 2015).  While the Plaintiffs mention that Dawes also spends time in unspecified, but presumably less remote, parts of Europe and Asia, travel to any location in the Eastern Hemisphere will involve great expense.

in conducting the deposition via videoconference is negligible in comparison. Although a party's ability to observe a deponent in person does have value, the inability to do so is a problem with any remote deposition, and remote depositions are "a presumptively valid means of discovery." Robert Smalls Inc. v. Hamilton, No. 09 Civ. 7171, 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010) (citing Zito v. Leasecomm Corp., 233 F.R.D. 395, 398 (S.D.N.Y. 2006)). Moreover, the fact that Dawes' deposition will be conducted by videoconference, rather than by telephone, minimizes any prejudice by allowing the Defendants to view his demeanor during questioning. Cf. Zito, 233 F.R.D. at 398 (declaring that there is "little prejudice to the defendants" in conducting depositions by telephone rather than requiring the parties "travel to distant cities," but allowing defendants seeking to observe the deponents' demeanor to conduct the depositions by videoconference instead, if they were willing to bear the expense); see also RP Family 2011 WL 6020154, at *3.

The Defendants additionally object to the deposition on the grounds that Dawes' testimony is irrelevant or inadmissible as hearsay. (See D.'s response letter at 2.) The argument is contradicted by their statement earlier in the same letter that whether Pinnacle and Mervia ever invested in the diamonds is "one of the main issues in the case." (Id. at 1.) In any event, the standard for relevancy under Rule 26(b)(1) is a

"relatively low threshold," John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 184, 186 (S.D.N.Y. 2014), that has been more than adequately cleared here.  Similarly, information sought in discovery "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Dawes' deposition testimony would likely be admissible under Federal Rule of Evidence 804(b)(1), but even if it were not, it is reasonably calculated to lead to the discovery of admissible evidence because, as the Defendants concede, other deponents in the case have testified that "documents that may be relevant to this issue exist and that they are reposed in the companies that Dawes was employed by."  (D.'s response letter at 1.)  The relevance- and admissibility-based arguments against the depositions are without merit.

 The Plaintiff's motion to allow Dawes' deposition to be taken by videoconference is granted.

It is so ordered.

New York, NY
August 27, 2015

_____
ROBERT W. SWEET
U.S.D.J.