UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

GEORGY USOV,

                Plaintiff,              13 Civ. 818

    -against-                          OPINION

MARC LAZAR, INC.,

                Defendant.

------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    THE ROTH LAW FIRM, PLLC
    295 Madison Avenue, 22nd Floor
    New York, NY 10017
    By:  Richard A. Roth, Esq.

    Attorneys for Defendant

    NEIMAN GINSBURG and MAIRANZ
    39 Broadway
    New York, NY 10006
    By:  Marvin Neiman, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/16

**Sweet, D.J.**

Defendant Mark Lazar, Inc. ("MLI" or the "Defendant") has moved pursuant to Rule 56, F. R. Civ. P. for summary judgment dismissing the complaint of plaintiff Georgy Usov ("Usov" or the "Plaintiff"). For the reasons set forth below, the motion is denied.

**Prior Proceedings**

The opinion of August 22, 2014 denying the prior motion of MLI for summary judgment ("the August 22 Opinion") set forth the prior proceedings which are equally applicable to the instant motion. Discovery has been completed, and the instant motion was heard and marked fully submitted on February 2, 2016.

**The Facts**

The facts are set forth in the Defendant's Statement of Uncontroverted Material Facts pursuant to Local Rule 56.1 and the Plaintiff's Statement of Uncontroverted Material Facts pursuant to Local Rule 56.1. The disputed facts are noted below.

1

According to the Defendant, this action involves a dispute over the interest in and ownership of certain diamonds acquired by Defendant from Andre Runte ("the Diamonds"). According to the Plaintiff, the Diamonds were acquired from Andre Runte jointly by Defendant and Harvey Harris ("Harris"), the Plaintiff's predecessor-in-interest. According to the Plaintiff, Harris obtained a two-thirds interest in the Diamonds and assigned his interest in the Diamonds to Pinnacle Trading Limited ("Pinnacle"), Pinnacle assigned its interest in the Diamonds to Mervia Investments SA ("Mervia"), and Mervia assigned its interest in the Diamonds to the Plaintiff.

According to the Plaintiff, Harris paid for his interest in the Diamonds and Harris' share of the funds used to acquire the Diamonds came from proceeds of the sale of the 8.36 carat fancy blue diamond (the "Blue Stone") which was owned by Harris and sold by MLI. The remainder of the funds from the sale of the Blue Stone was paid to Harris.

According to the Plaintiff, Harris contributed to the funds used to acquire the Diamonds. According to the Defendant, MLI did not use the proceeds from the Blue Stone purchase of the Diamonds from Runte or to fund Harris' interest in the venture. According to the Plaintiff, the Blue Stone was owned by Harris

2

and sold in 2005 for $1,479,000 and a portion of those proceeds were paid to Runte as part of the purchase price for the Diamonds.

According to the Defendant, at the request of Harris, MLI paid Harris the full amount of Harris' share of the proceeds from the sale of the Blue Stone in the amount of $1,250,000, less $5,000 for the cost of the mounting of the stone, and did not retain any such proceeds as payment towards Harris' share in the Diamonds from Runte. This material fact proposed by the Defendant is disputed by the Plaintiff.

Whether Harris made any payment towards the purchase of the Diamonds from Runte is disputed. According to the Plaintiff, Defendant had many other business dealings and transactions with other stones around the same time and the proceeds from other sales could have been used by Defendant in purchasing the Diamonds.

According to the Defendant, while Harris or his companies, Pinnacle or Mervia, should have made the requisite payment on time and were allowed to make the requisite payment late at Defendant's sufferance, Defendant was willing to accept late payment of the requisite amount but only up to the time of

3

the lawsuit being commenced. According to the Plaintiff, all amounts required to be paid by Harris pursuant to his agreement with Defendant were made from the funds resulting from the Blue Stone sale.

According to the Defendant, the assignment from Mervia to Plaintiff shows that the most valuable diamonds, the 3.16 carat round stone was improved by polishing it to 2.99 carats. According to the Plaintiff, the 2.99 carat diamond was originally owned by Harris, and Harris' interest was subsequently assigned and transferred to Pinnacle, then to Mervia, and then to Plaintiff and Marc Lazar ("Lazar"), President of MLI, has admitted that Defendant owes Plaintiff the proceeds from the sale of the 2.99 carat diamond, in December, 2007, Defendant sold two diamonds, being a fancy intense pink diamond for $537,950.00 and a fancy intense blue diamond for $192,400.00 and paid Pinnacle two-thirds of the proceeds from the sale of those two diamonds and in March and April of 2012, Defendant sold three diamonds of a 0.57 carat fancy grayish violet natural color, round brilliant; a 1.75 carat diamond; and a 2.99 carat purplish-red round brilliant diamond for a total price of approximately $5,000,000 of which Plaintiff owned a percentage and Lazar admitted that Defendant owed Plaintiff $3,500,000 "give or take" from the sale of those diamonds. The

4

affidavit of Lazar, sworn to December, 2015 ¶¶ 23-36 disputes these statements and challenges the assignments to the Plaintiff. Lazar Affidavit ¶¶ 38-43, 47, 58).

According to the Plaintiff, Defendant received and did not object to invoices received from Plaintiff through his management companies Aces Corp. and Fine Splendor Limited stating that amounts of approximately $3,500,000 were owed to Plaintiff by Defendant, and Defendant is holding several million dollars' worth of diamonds in which Plaintiff owns a two-thirds interest.

**The Summary Judgment Standard**

The August 22 Opinion set forth the summary judgment standard which is equally applicable to the instant motion.

**The Issue**

This hard fought litigation establishes that the trust among diamond merchants[1] does not survive death.

---

[1] Ersoy Zirhlioglu, *The Diamond Industry and the Industry's Dispute Resolution Mechanisms*, 30 Ariz. J. Int'l & Comp. L. 477, 484-485 (2013) (noting the importance in the industry of credit-based sales, reliance on trust-based exchanges, and that "maintaining a well-established reputation" is critical to being allowed to engage in future transactions).

5

The parties here and their predecessors participated in a series of transactions. The nature of those transactions and the documentation concerning them is in dispute as demonstrated by a review of the factual statements of the parties.

**Material Factual Disputes Bar Summary Judgment**

The moving party must meet "its burden of demonstrating that there is no genuine issues of material fact and its entitlement to judgment as a matter of law." *Vermont Teddy bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). "If the evidence adduced in support of the summary judgment motion does not meet this burden, summary judgment must be denied even if no opposing evidentiary matter is presented." *Amaker v. Foley*, 274 F.3d 677 (2d Cir. 2001).

Two principal issues of fact are established by a review of the parties' statements and the affidavits submitted: (1) was the purchase of the Diamonds funded in part by Harris' share of the proceeds of the Blue Stone, (2) have the documents established that MLI is currently holding diamonds or proceeds from the sale of diamonds for which it is accountable to the

Plaintiff. The facts underlying these contentions were in dispute as concluded in the August 22 Opinion and a review of the parties' statements and memoranda demonstrate that the dispute has not been resolved.

**Conclusion**

The motion of MLI for summary judgment is denied. The parties will submit a pre-trial order and supporting materials by August 1, with an anticipated trial date of October 11, 2016.

It is so ordered.

**New York, NY**
**May 27, 2016**

_____
ROBERT W. SWEET
U.S.D.J.