USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

GEORGY USOV,

                Plaintiff,            13 Civ. 818

   -against-                                OPINION

MARC LAZAR, INC.,

                Defendant.

------------------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

       THE ROTH LAW FIRM, PLLC
       295 Madison Avenue, 22nd Floor
       New York, NY 10017
       By:  Richard A. Roth, Esq.

       Attorneys for Defendant

       NEIMAN GINSBURG and MAIRANZ
       39 Broadway, 25th Floor
       New York, NY 10006
       By:  Marvin Neiman, Esq.

**Sweet, D.J.**

Defendant Mark Lazar, Inc. ("MLI" or the "Defendant") has moved *in limine* to preclude plaintiff Georgy Usov ("Usov" or the "Plaintiff") from presenting evidence of certain audio recordings of purported conversations between Elena Harris and Mark Lazar and any transcripts of their contents. For the reasons set forth below, the motion is denied.

**Prior Proceedings**

The opinions of August 22, 2014 and May 27, 2016 both denied MLI's motions for summary judgment. The action is set for trial on November 28, 2016.

**The Facts**

The facts are set forth in the Defendant's motion as Exhibit A and in Plaintiff's opposition as the Affidavit of Elena Harris.

**Plaintiff Can Attempt to Authenticate the Audio Recordings at Trial and Both Parties' Transcripts Can Be Introduced**

Defendant seeks to preclude Plaintiff from introducing at trial the audio recordings of purported conversations between Elena Harris and Mark Lazar and any transcripts of those conversations.

Defendant argues that these recordings are not admissible because they cannot be properly authenticated under Federal Rule of Evidence 901. Authenticity of audio recordings must be established by "clear and convincing evidence" because of their "strong effect on the jury" and their "susceptib[ility] to alteration." *Penguin Books, U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 263 (S.D.N.Y. 2003) ("*Penguin Books*").

*Penguin Books* provided several factors that it considered in determining whether an audio recording was admissible. *Penguin Books*, 262 F. Supp. 2d at 264. The list in *Penguin Books* is a guide, but not a required list of factors for courts authenticating audio recordings. *Id.* These factors in *Penguin Books* included:

> (1) that the recording device used was capable of taping the conversation now offered in evidence; (2) that the operator of the device was competent to

2

>operate it; (3) that the recording is authentic and correct; (4) that changes, additions, or deletions have not been made to the recording; (5) that the recording has been preserved in the manner that is presented to court; (6) that the speakers are identified, and (7) that the conversation elicited was made voluntarily and in good faith.

*Id.* Unlike in *Penguin Books* in which the identity of the speakers had not been established (factor 6), here one of the speakers and the person who recorded the conversations, Elena Harris, identified the speakers. *Id.* The device was Elena Harris' iPhone, which was capable of recording (factor 1). Further, Elena Harris was capable of operating the device (factor 2) and she was one party consenting to the recording (factor 7).

At trial Plaintiff will need to properly authenticate and introduce the recordings. However, at this stage Defendant has not met its burden to preclude them. Plaintiff will be permitted to make arguments about issues regarding chain of custody of the recordings. Any such arguments about "[b]reaks in the chain of custody [for audio recordings] do not bear upon the admissibility of evidence, only the weight of the evidence . . . ." *U.S. v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998).

Defendant also seeks to preclude use of the transcripts of these audio recordings at trial because there are

3

inconsistencies between the parties' transcripts of the same calls. The accurate interpretation of the contents of the audio recordings will be a fact issue at trial. Both parties' transcripts will be permitted to aid the Court in understanding the audio recordings.

**Conclusion**

The Defendant's motion *in limine* to preclude the audio recordings and transcripts is denied.

It is so ordered.

New York, NY
November 22, 2016

_____
ROBERT W. SWEET
U.S.D.J.