UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
GEORGY USOV,

                Plaintiff,                13 Civ. 818

   -against-                       OPINION

MARC LAZAR, INC.,

                Defendant.
------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    THE ROTH LAW FIRM, PLLC
    295 Madison Avenue, 22nd Floor
    New York, NY 10017
    By:  Richard A. Roth, Esq.

    Attorneys for Defendant

    NEIMAN & MAIRANZ P.C.
    39 Broadway, 25th Floor
    New York, NY 10006
    By:  Marvin Neiman, Esq.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/5/17

**Sweet, D.J.**

Defendant Marc Lazar, Inc. ("MLI" or "Defendant") has moved pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, to reconsider and amend the Judgment entered on August 30, 2017 (the "Judgment," Dkt. No. 199), rendered in favor of Plaintiff Georgy Usov ("Usov" or the "Plaintiff") for $5,134,672.16. As set forth below, Defendant's motion to reconsider is granted. Upon reconsideration, Defendant's motion to amend the Judgment is denied.

**Prior Proceedings**

The factual background and procedural history of this litigation is detailed in prior Opinions the Court, familiarity with which is assumed. See Usov v. Marc Lazar, Inc., No. 13 Civ. 818 (RWS), 2017 WL 3433606 (S.D.N.Y. Aug. 10, 2017).

On June 11, 2017, Defendant moved for reconsideration on the Court's Judgment. The motion was taken on submission and marked fully submitted on October 11, 2017.

1

## The Applicable Standard

Under Local Rule 6.3, a party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisenmann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted).

The standard for granting such a motion is "strict" and should only be done when the movant "can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such motions are not vehicles for taking a second bite at the apple," Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted), and "should not be granted where the moving

2

party seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257.

Motions under Fed. R. Civ. P. 59(e) are governed by the same legal standards as those under Local Rule 6.3. NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 394 n.2 (S.D.N.Y. 2016).

**The Motion to Reconsider is Granted**

Defendant contends that in the Court's August 10, 2017, opinion on liability (the "August 10 Opinion"), several factual matters were overlooked. Specifically, Defendant identifies an inventory stone list dated December 31, 2008, that details certain diamonds at issue between the parties, and an email between Defendant and a director at Mervia, David Dawes ("Dawes"), discussing the diamonds. See (Defs.' Exs. BB & NN). Exhibits BB and NN were produced in discovery and admitted at trial.

As Exhibit BB was not expressly discussed in the August 10 Opinion nor the Judgment, it can be deemed to have been

3

overlooked.[1] Given the limited number of inventory lists presented at trial, such evidence could "reasonably be expected to affect the outcome" of the Judgment. Stoner v. N.Y.C. Ballet Co., No. 99 Civ. 196 (BSJ), 2002 WL 523270, at *10 (S.D.N.Y. Apr. 8, 2002). Accordingly, Defendant's motion for reconsideration is granted.

**The Motion to Amend the Judgment is Denied**

Defendant seeks to amend the Judgment in two ways. First, Defendant argues that Defendants' Exhibit BB demonstrates that the value of the disputed stones needs to be adjusted downward based on the valuations listed. (Def.'s Mem. at 3-7, Dkt. No. 201). Second, Defendant contends that it is entitled to a monetary bonus for improving one of the stones in the inventory, as acknowledged in Defendants' Exhibit NN. In total, Defendant seeks to reduce the amount of the Judgment by $3,575,204.

Defendants' Exhibit BB, the inventory list prepared by the Plaintiff, dated December 31, 2008, was the subject of testimony

---

[1] While not expressly discussed, Defendants' Exhibit BB was indirectly referenced as an attachment to Defendants' Exhibit NN, which was noted in the Court's Findings of Fact. See Usov, 2017 WL 3433606, at *4 (although a misprint incorrectly identified the date of the email as the date of the attachment). Defendants' Exhibit NN was discussed. See id.

4

by Plaintiff at trial. See (Tr. 265-67).[2] Defendant argues that because Plaintiff testified that the values were "approximately market price," (Tr. 267), and prepared by Plaintiff, the values stated there should control the amount owed to Plaintiff from the stones.

The Judgment reflects that the valuations reached in the meetings in 2012 between Elena Harris ("Elena") and Marc Lazar ("Lazar"), the owner of MLI, and as detailed in Plaintiff's Exhibits 11 and 18 and discussed at those meetings, were the basis of the valuations reached. See Judgment at 1-2. Testimonial evidence at trial established that both exhibits demonstrated the parties' similar understanding of the market value of the stones at the time. See (Tr. 80:12, 103:8); Usov, 2017 WL 3433606, at *6.

Defendant raises points which might indicate that the values represented retail rather than market price, such as the column label in Plaintiff's Exhibit 18 of "Asking Per Carat" or particular quotes from the October 2012 meeting. See (Def.'s Br. at 5-6). However, testimonial evidence adduced at trial and found credible by the Court indicated that the figures

---

[2] Citations to "Tr." refer to the trial transcripts dated November 28 and 29, 2016, and February 13 through 15, 2017.

5

represented were intended to refer to the market value of the diamond collection. See, e.g., (Tr. 80:12, 103:8, 108:15-22). By contrast, no testimony has been cited that Exhibit BB was ever relied upon or discussed between the parties as to the value of the stones. As such, the relevance of 2008 inventory has not been established, and no new or overlooked evidence establish a basis for amending the Judgment in that regard.

Defendant has also moved to amend the Judgment by awarding it an additional one-third bonus on the sale of a contested red stone diamond; Defendant asserts that there was an agreement between Harvey Harris ("Harris"), Elena's husband, and Lazar to such an effect and that Lazar fulfilled it. See (Def.'s Mem. at 7-8). The Judgment initially determined that the bonus for improving the stone was not established at trial. (Judgment at 3). In response, Defendant has adduced an email from Dawes, (Defs.' Ex. NN), testimony from Lazar stating that he would receive the benefits of improvements to the stone, an arrangement the two had made on other stones in the past, (Tr. 291:4-22, 293:1-294:13; see Defs.' Ex. CC).

Lazar's testimony establishes, at best, that there was a contemplated agreement between Lazar and Harris as to the rest stone. However, the Dawes email, which even Defendant

6

acknowledge is "wrong on the details" if, *arguendo*, it was describing the particular red stone transaction, (Def.'s Mem. at 7), neither references a one-third bonus agreement between the parties nor establishes that Lazar is entitled to such a bonus. See (Defs.' Ex. NN). A single previously identified transaction between Lazar and Harris does not warrant amending the Judgment in that regard.

In sum, Defendant has not established manifest injustice or clear error, but simply a disagreement with the factual findings of the Court. The motion to amend the Judgment to reduce the values which the Court found established by the credible evidence is denied.

## Conclusion

For the foregoing reasons, Defendant's motion for reconsideration is granted, and his motion to amend the Judgment is denied.

It is so ordered.

**New York, NY**
**November 14, 2017**

_____
ROBERT W. SWEET
U.S.D.J.